## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| TOMMY E. ABNER, | : | Case No. 1:23-cv-229 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| WARDEN, LONDON CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION[1]

Petitioner Tommy E. Abner, a state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court to consider the Petition (Doc. 1), the Return of Writ (Doc. 8), and the state court record (Doc. 7). Abner did not file a reply/traverse. For the reasons that follow, it is **RECOMMENDED** that Abner's claims be **DENIED** and this action **DISMISSED**.

### I. FACTUAL BACKGROUND

On August 31, 2020, a grand jury in Warren County, Ohio returned a five-count indictment against Abner stemming from a fatal automobile accident. The Court of Appeals for the Twelfth Appellate District set forth the facts as follows:

{¶ 3} The charges arose as a result of a tragic automobile accident on State Route 73 in Clearcreek Township, Warren County, Ohio at approximately 7:45 p.m. on the evening of Jun[e] 18, 2020 that resulted in the death of Jeri Beth Murray. There is no dispute that at the time of the accident Abner was operating his vehicle with a suspended driver's license. There is also no dispute that test results of Abner's blood and urine specimens taken at the hospital shortly after the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

accident occurred revealed that Abner was under the influence of methamphetamine and amphetamines at the time of the accident. A subsequent examination of Abner's blood and urine specimens conducted at the state crime lab confirmed these test results.

{¶ 4} On December 17, 2020, Abner filed a general, boilerplate motion seeking to suppress the test results of his blood and urine specimens taken at the hospital shortly after the accident occurred. The trial court held a suppression hearing on February 22, 2021. During this hearing, the trial court heard testimony from several witnesses. This includes testimony from the registered nurse who collected Abner's first blood specimen and the clinical lab assistant who collected Abner's second blood specimen, both of which occurred at the hospital shortly after the accident occurred.

{¶ 5} Following this hearing, on April 5, 2021, the trial court issued a decision denying Abner's motion to suppress. In so holding, the trial court stated regarding the test of Abner's urine specimen:

> With regard to the urine test, [the registered nurse who collected Abner's urine sample] testified that he collected the urine directly from a sterile catheter into a clean glass screw top container, which was sealed and delivered to the lab in accordance with laboratory protocol.

The trial court then noted its finding that "this evidence demonstrates substantial compliance with the [Ohio Administrative Code] regulations." The trial court also found Abner had not "produced sufficient rebutting evidence to demonstrate that he has been prejudiced in any way by the manner of urine collection in this case."

{¶ 6} The trial court then stated regarding the test of Abner's blood specimen:

> With regard to the blood test, both [the registered nurse who collected Abner's first blood sample and the clinical lab assistant who collected Abner's second blood sample] testified that the blood was collected with sterile needles into a self-sealing tube and labeled appropriately. The solution used to clean the skin was not alcohol-based. The tubes contained anticoagulants. Each sample was transported to the lab and tested within an hour and then refrigerated. From there, [a sergeant with the Ohio State Highway Patrol] testified that she transported the blood and urine to the state crime lab.

Therefore, just like it did with the test of Abner's urine specimen, the trial court

found "this evidence also demonstrates substantial compliance with the [Ohio Administrative Code] regulations." This was in addition to the trial court finding Abner had failed to produce "sufficient rebutting evidence to demonstrate that he has been prejudiced in any way by the manner of blood collection in this case."

{¶ 7}  On April 15, 2021, Abner entered a no contest plea to the five charged offenses set forth above, i.e., two counts of aggravated vehicular homicide and three counts of OVI. Finding allied offenses of similar import, the trial court merged together the two aggravated vehicular homicide offenses and merged together the three OVI offenses for purposes of sentencing. Following the trial court's merger, the state then elected to proceed with sentencing Abner on the charge of first-degree felony aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and on the charge of first-degree misdemeanor OVI in violation of R.C. 4511.19(A)(1)(i)(i). Pursuant to the Reagan Tokes Law, Ohio's indefinite sentencing structure as set forth in R.C. 2967.271, the trial court then sentenced Abner to serve an indefinite mandatory minimum term of 11 years in prison to a potential maximum term of 16 and 1/2 years in prison.

(Doc. 7, at PageID 620-22).

## II.  PROCEDURAL HISTORY

### A.  Trial Court Proceedings

On August 31, 2020, a grand jury in Warren County, Ohio returned a five-count indictment charging Abner with:  (1) first-degree felony Aggravated Vehicular Homicide, with a specification for operating a motor vehicle without a valid driver's license; (2) second-degree felony Aggravated Vehicular Homicide, with a specification for operating a motor vehicle without a valid driver's license; (3) first-degree misdemeanor Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them; (4) first-degree misdemeanor Operating a Vehicle While Under the Influence of a Listed Controlled Substance or a Listed Metabolite of a Controlled Substance; and (5) first-degree misdemeanor Operating a Vehicle While Under the Influence of a Listed Controlled Substance or a Listed Metabolite of a Controlled Substance.  (Doc. 7, at PageID 512-16).

On September 17, 2020, through retained counsel, Abner entered a plea of Not Guilty by

Reason of Insanity ("NGRI"), stemming from Abner's untreated schizophrenia and the removal of a brain tumor in 2002. (*Id*. at PageID 518). On September 22, 2020, the trial court issued an entry ordering Abner to be evaluated for competence to stand trial and upon his NGRI plea. (*Id*. at PageID 520). Then, on October 30, 2020, "[u]pon stipulation and agreement of the parties," the trial court found Abner competent to stand trial. (*Id*. at PageID 521).

Defense counsel filed a motion to suppress Abner's blood and urine samples on December 17, 2020. (*Id*. at PageID 522-29). Following a period of briefing and a suppression hearing, the trial court issued a decision denying the motion on April 5, 2021. (*Id*. at PageID 561-66).

Ten days later, on April 15, 2021, Abner changed his plea to No Contest, and was sentenced to a prison sentence of 11 years for a total indefinite term of 11 years minimum to 16 1/2 years maximum. (*Id*. at PageID 567-74).

**B. Direct Appeal**

Represented by new counsel, Abner pursued a timely appeal to the Court of Appeals for the Twelfth Appellate District. In a merit brief filed on August 10, 2021, Abner raised the following assignments of error:

> First Assignment of Error: Abner was deprived of the effective assistance of counsel when trial counsel failed to object to the imposition of an indeterminate sentence under R.C. 2967.271.
>
>> 1. Issue Presented for Review and Argument. Whether trial counsel was ineffective for failing to object to the imposition of an indeterminate sentence.
>
> Second Assignment of Error: The trial court erred when it denied Abner's motion to suppress.
>
>> 1. Issue Presented for Review and Argument. Whether the trial court should have granted Abner's motion to suppress.

(Doc. 7, at PageID 580-88).  On December 27, 2021, the appellate court issued a decision overruling Abner's claims and affirming the judgment against him.  (*Id.* at PageID 619-30).

Proceeding *pro se*, Abner filed a notice of appeal to the Supreme Court of Ohio on February 7, 2022.  (*Id.* at PageID 631-32).  In a memorandum of jurisdiction filed on the same day, Abner raised verbatim the same claims that he raised in the appellate court below.  (*Id*. at PageID 633-42).  On April 26, 2022, the Supreme Court of Ohio issued an Entry declining to accept jurisdiction over Abner's appeal.  (*Id*. at PageID 656).

## III.  HABEAS PROCEEDINGS

On April 25, 2023, Abner, proceeding *pro se*, filed the instant habeas petition, raising the following two grounds for relief:

> **Ground One:**  Ineffective Counsel.  My lawyer failed to object to the Reagan Tokes sentence.
>
> **Ground Two:**  Trial Court erred when it denied my motion to suppress.  Hospital that highway patrol relied on for testing did not have permit to do testing. Nothing was used to ensure blood or urine samples was not tampered with at hospital until highway patrol received them.  Samples sat in lab that was not secure.  No record of a witness when samples taken.  Expert testimony from hospital staff stated at hearing that samples could have been tampered with. Hospital printed out my records for police before the Judge signed or issued warrant.

(Doc. 1).

On July 13, 2023, Respondent filed a Return of Writ (Answer) arguing that Abner's Petition should be dismissed because his first ground for relief is without merit and because his second ground for relief is not cognizable in habeas corpus.  (Doc. 8).

Abner sought and received an extension of time to file a reply, (Doc. 9), but never filed a reply.

## IV.  STANDARDS OF REVIEW

Because this is a habeas corpus case, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214, apply to this case.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA limits the circumstances under which a federal court may grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits by the state courts.  Specifically, the AEDPA provides that a federal court shall <u>not</u> grant a writ unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).  Section 2254(d)(1) circumscribes a federal court's review of claimed legal errors, while § 2254(d)(2) places restrictions on a federal court's review of claimed factual errors.  This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. 312, 316 (2015) (cleaned up); *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, [the petitioner] must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").  And in making this threshold "reasonableness" determination, federal courts must limit their review to the record that was before state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170 (2011).

## V.  DISCUSSION

### A.  Ground One—Ineffective Assistance

Abner argues in his first ground for relief that his trial counsel was ineffective, due to

counsel's failure to challenge the trial court's imposition of an indeterminate sentence under Ohio Rev. Code § 2967.271, commonly known as the "Reagan Tokes Act." The issue, as presented to the state appellate court, is that trial counsel should have raised a challenge to the "Reagan Tokes" indeterminate sentence because, at the time, there existed a trial court order from Hamilton County finding the law to be unconstitutional as a violation of due process and as a violation of the separation powers for placing the sentencing power in the hands of the executive branch. (Doc. 7, at PageID 585 (citing *State v. O'Neal*, 2019 WL 7670061, Ohio Com. Pl., Trial Order, Hamilton County, November 20, 2019)). Abner acknowledged in his brief that the state appellate court to which he was appealing had taken a contrary position on the issue, but argued that trial counsel should have preserved the issue in the event the Supreme Court of Ohio reached a decision consistent Hamilton County.

Respondent argues that Abner's claim must be denied because he does not show that the state appellate court's decision rejecting this claim was contrary to or involved an unreasonable application of clearly established federal law. (Doc. 8, at PageID 987-88). Respondent's argument is well taken.

To warrant habeas corpus relief, Abner must show not just that his trial counsel performed deficiently and to Abner's prejudice, but more importantly, that the state appellate court's decision finding otherwise contravened or unreasonably applied clearly established Supreme Court law. Abner has shown neither.

The state appellate court rejected Abner's claim because challenges to the Reagan Tokes law, in that district and other districts, had been rejected. That meant that a trial attorney's failure to raise it did not constitute ineffective assistance. (Doc. 7, at PageID 629-30). This Court does not disagree with the state appellate court's decision, much less find it unreasonable.

It is well settled that a criminal defendant is entitled to the effective assistance of counsel at trial. To demonstrate that counsel was constitutionally ineffective, an accused must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, the accused must show that an act or omission on the part of trial counsel was objectively unreasonable, and a reasonable probability that but for counsel's unreasonable performance, the outcome of the accused's trial or sentencing would have been different. *Id*. at 688, 694. In the instant case, Abner would have to demonstrate that any objectively reasonable attorney in his trial counsel's position would have raised a constitutional challenge to the Reagan Tokes law, and a reasonable probability that the challenge would have prevailed either at sentencing (or on resentencing were the Supreme Court of Ohio to issue a favorable decision).

Under *Strickland*, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "When this presumption is combined with the deference required by § 2254(d)," the Sixth Circuit has explained, "we must be 'doubly deferential' to the state court's ruling on counsel's performance." *Haight v. Jordan*, 59 F. 4th 817, 832 (6th Cir. 2023) (citing *Pinholster*, 563 U.S. at 190).

Counsel has no duty to raise futile or previously rejected claims. *See, e.g., Henness v. Bagley*, 644 F.3d 308, 319 (6th Cir. 2011) ("Because Henness has not demonstrated that his Fourth Amendment claim has merit, his underlying ineffective assistance of trial counsel claim fails, along with the ineffective assistance of appellate counsel claim." (citations omitted)); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that counsel is "not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel"); *Hale v. Shoop*, Case No. 1:18-cv-504, 2021 WL 1215793, at *97 (N.D. Ohio Mar. 31, 2021) (rejecting

claims of ineffective assistance for the failure to object to alleged errors found to have been meritless); *Ahmed v. Houk*, No. 2:07-cv-658, 2014 WL 2709765, at *53 (S.D. Ohio June 16, 2014) ("counsel cannot be ineffective for failing to raise losing claims."). *See also Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("Here, the merits of the [underlying waived claim] control the resolution of the *Strickland* claim because trial counsel cannot have been ineffective for failing to raise a meritless objection."); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) ("Because any objection to the admissibility of Grigson's testimony would have been overruled based on existing precedent, such an objection would have been futile.") (citation omitted); *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) ("The failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which Petitioner was entitled." (cleaned up)).

Abner does not cite any authority establishing that counsel has a duty to raise objections for the purpose of preserving a constitutional challenge. But the Court is dubious that any such duty exists. *See, e.g., Burton v. Thaler*, 863 F. Supp. 2d 639, 654 (S.D. Texas 2012) ("no *Strickland* deficient performance occurs when trial counsel fails to raise an objection based on unsettled law." (cleaned up and collecting cases)). Even assuming such a duty existed sufficient to establish deficient performance—a finding this Court is *not* making—as demonstrated below, that challenge would not have prevailed in Abner's case, since the Twelfth Appellate District had previously rejected those challenges, and since the Supreme Court of Ohio has since found that the Reagan Tokes law is constitutional.

The Ohio Court of Appeals for the Twelfth Appellate District consistently rejected the very constitutional challenge that Abner argues his counsel was ineffective for failing to raise. *State v. Guyton*, No. CA2019-12-203, 2020 WL 3837, at *2 (Ohio App. 12 Dist. July 27, 2020).

9

*See also State v. Rojas*, No. CA2021-11-013, 2022 WL 2443234, at *3 (Ohio App. 12 Dist. July

5, 2022); *State v. Henderson*, No. CA2020-11-072, 2021 WL 4519073, at *2-3 (Ohio App. 12

Dist. Oct. 4, 2021); *State v. Jackson*, No. CA2020-07-077, 2021 WL 963803, at *3 (Ohio App.

12 Dist. Mar. 15, 2021); *State v. Suder*, No. CA2020-06-034, CA2020-06-035, 2021 WL

669067, at *5 (Ohio App. 12 Dist. Feb. 22, 2021). And the Supreme Court of Ohio has since

found the Reagan Tokes law to be constitutional. *State v. Hacker*, 173 Ohio St. 3d 219 (2023).

No prejudice occurs under *Strickland* where the error to which counsel failed to object was

meritless. *See, e.g., Mack v. Bradshaw*, Case No. 1:04-cv-829, 2021 WL 4477882, at *107

(N.D. Ohio Sep. 30, 2021) ("as this court has previously found no merit in Mack's challenge of

the trial court's reasonable-doubt instruction, Mack cannot establish that he was prejudiced by

his counsel's failure to object to it…." (citing *Henness*, 644 F.3d at 319)).

Because Abner has failed to demonstrate either prong of *Strickland*, this Court cannot

find that the state appellate court's decision rejecting Abner's ineffective assistance claim was

erroneous, much less unreasonable. The Court accordingly recommends that Abner's first

ground for relief be denied as without merit.

**B. Ground Two—Denial of Motion to Suppress**

In his second ground for relief, Abner argues that the trial court erred when it denied his

motion to suppress the results of his blood and urine sample tests. (Doc. 1, at PageID 24).

Abner asserts that the hospital did not have a permit to test samples, and that nothing was done to

ensure that the samples were not tampered with. According to Abner's brief to the state

appellate court on direct appeal:

> In this case, there were multiple issues relating to the compliance, or lack thereof,
> as relating to Ohio Admin. Code 3701-53-06. It doesn't appear that the blood and
> urine draws were witnessed by anyone other than the individuals who did the

10

draws (T, p. 26, 56).  Contrary to the trial court's factual finding in its decision denying the motion to suppress, it is not clear that the samples were properly refrigerated until after the testing ha[d] occurred.  T, p. 28, 29.  There was testimony that at least suggested possible use of alcohol as an antiseptic, in contravention of Ohio Admin. Code 3701-53-06(B).  T, p. 36.  Additionally, there was testimony that established that it was unclear as to whether Kettering Medical Center had a proper permit to conduct testing for cases involving impaired drivers.  T, p. 88.

(Doc. 7, at PageID 587).

Respondent argues first that Abner's claim is not cognizable in habeas corpus, both because habeas review of Fourth Amendment challenges is limited by *Stone v. Powell*, 428 U.S. 465, 494 (1970), and because any claim challenging the hospital's compliance with state statutes and administrative rules amounts to a state law challenge incapable of supporting habeas relief. Respondent argues in the alternative that the claim lacks merit because the state appellate court's decision rejecting the claim was not based on an unreasonable determination of the facts in light of the evidence presented.  (Doc. 8, at PageID 988-94).  Respondent's arguments are well taken.

In *Stone v. Powell*, the Supreme Court circumscribed habeas review of Fourth Amendment challenges by holding "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial."  428 U.S. at 494.  In the Sixth Circuit, the determination of whether the State provided a full and fair opportunity to litigate Fourth Amendment claims in state court requires the federal habeas court to ask:  (1) whether the State has provided a procedural mechanism through which a petitioner could raise a Fourth Amendment claim; and (2) whether litigation of the Fourth Amendment claim at issue was "frustrated" because of a failure of that mechanism.  *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted).  Moreover, this

"opportunity for full and fair consideration" inquiry focuses on the *avenue* available to the petitioner, not the *adequacy* of the procedure actually used to resolve the petitioner's claim. *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013).  Having reviewed Abner's motion to suppress, the transcript of the suppression hearing, the trial court's decision overruling Abner's motion, and the state appellate court's decision rejecting Abner's claim challenging the trial court's decision—all against the backdrop of Ohio's legal framework for litigating motions to suppress—the Court cannot find any failure(s) that frustrated the litigation of Abner's Fourth Amendment claim sufficient to overcome *Stone v. Powell*.

Abner, with the assistance of counsel, filed a pretrial motion to suppress his urine and blood test results, as well as his medical records.  (Doc. 7, at PageID 522-29).  The trial court conducted a hearing during which five witnesses testified and numerous records were admitted. (Doc. 7-4, at Page ID 705-07).  The parties were permitted to file post-hearing memoranda. (Doc. 7, at PageID 538; 550; 554).  In its decision denying Abner's motion, the trial court identified and applied controlling Ohio authority and found substantial compliance with governing statutes and administrative regulations.  (*Id.* at PageID 561-66).  That finding was supported by the record, and Abner presented no credible evidence in rebuttal giving reason to question the state's compliance with the Fourth Amendment or the reliability of the collection, storage, or testing of the samples.  And following judgment on his no contest plea, Abner, again with the assistance of counsel, was able to directly appeal the trial court's decision denying the suppression motion.  (*Id.* at PageID 575; 580).  According to *Riley*, by providing for the filing of a pretrial motion to suppress and an opportunity to appeal any ruling denying the motion, Ohio provides an adequate procedural mechanism for the resolution of Fourth Amendment challenges commensurate with *Stone v. Powell*.  *Riley*, 674 F.3d at 526; *see also Harding v. Russell*, 156 F.

App'x 740, 745 (6th Cir. 2005); *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000).

Abner raises numerous challenges about the timing of the warrant vis-à-vis the hospital's production of Abner's medical records; the lack of witnesses to the urine and blood draws; the refrigeration and effect of anticoagulants on the samples; the sterilization of the tubes and containers; the effect of solutions used to cleanse the areas from which Abner's samples were collected; the chain of custody of the samples; and the inability to rule out the opportunity for tampering with the samples. (Doc. 7, at PageID 587). But where the first *Riley* inquiry has been answered in the affirmative, these types of challenges cannot support habeas corpus relief. *See Eatmon v. Warden, Noble Correctional Inst.*, No. 1: 14-cv-741, 2016 WL 882097, at *5-8 (S.D. Ohio Mar. 1, 2016) (where state provides mechanism for full and fair litigation of Fourth Amendment challenge, "correctness" of state courts' conclusions is irrelevant. (cleaned up)); *Rivera v. Warden, Chillicothe Correctional Inst.*, No. 1:11-cv-690, 2012 WL 6756254, at *8 (S.D. Ohio Aug. 20, 2012 ("Lower court within the Sixth Circuit have consistently held in accordance with *Gilbert* and case-law from other circuit courts that the relevant inquiry in resolving the second question posed in *Riley* is whether the habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided by the state courts." (cleaned up)). *See also Hays v. Bracy*, No. 5:22-cv-01103-JPC, 2024 WL 643166, at *5-7 (N.D. Ohio Jan. 26, 2024) (finding no "egregious error" in litigation of Fourth Amendment challenge sufficient to satisfy the second inquiry in *Riley*); *Mitchell v. Sheldon*, No. 3:08-cv-2899, 2009 WL 1911841, at *3 (N.D. Ohio June 30, 2009) (rejecting habeas challenges to "correctness" of state court's ruling on Fourth Amendment challenge where state provided a full and fair opportunity for the petitioner to litigate the claim) (citation omitted).

While the foregoing is dispositive, even assuming that *Stone v. Powell* did not apply to circumscribe habeas review of Abner's Fourth Amendment claim, the fact remains that the state appellate court's decision rejecting Abner's claim was not unreasonable sufficient to overcome 28 U.S.C. § 2254(d)'s barrier to habeas relief.  The Court finds that that decision was legally correct and factually thorough.  (Doc. 7, at PageID 622-29).

## VI.  CONCLUSION

Abner's grounds are without merit.  For the foregoing reasons, the Undersigned

**RECOMMENDS:**

1. Grounds one and two be **DENIED**, and Abner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to any grounds in the Petition because Abner has not stated a "viable claim of the denial of a constitutional right" or presented an issue that is "adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 462 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by a petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** Abner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

August 21, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

14

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).